UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERTIME B.V., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 17-3844 (KMK) |
| NEW DOVER GROUP, LTD., | : |
| Defendant. | : |

## ~~PROPOSED~~ ORDER ON CONSENT FOR PRELIMINARY INJUNCTION

The plaintiff, Vertime B.V.'s ("Vertime") Motion for Preliminary Injunction having come before this Court and the Court having considered the matter; and it appearing that a Preliminary Injunction should issue as to certain prayers for relief because the plaintiff is likely to succeed on the merits, the plaintiff has no adequate remedy at law, and the balance of the equities tips in favor of the plaintiff; and the Court having determined that such Preliminary Injunction should issue on condition of plaintiff's posting, no later than June 20, 2017, of a bond acceptable in form and substance to the Clerk of the Court in the amount of $1 million;

**IT IS HEREBY ORDERED:**

1. Capitalized terms in this Order have the meaning set forth in the Agreements attached to the Verified Complaint as Exhibits A, B, and C by which Vertime granted New Dover Group, Ltd. ("NDG") certain rights, as set forth in the Agreements, to distribute Salvatore Ferragamo, Versace, and/or Versus timepieces (the "Products") through December 31, 2016 (the "Agreements");

2. That defendant NDG, and all persons acting in active concert or participation with it, shall not offer to sell, accept any offer to sell, or enter into the sale of any part or all of the

remaining stock of the Products unless and until (a) NDG satisfies the conditions set forth in Paragraph 3 of this Order, and (b) the procedure set forth in Paragraph 4 of this Order is undertaken and resolved;

3. That the conditions ("Conditions") to be satisfied by NDG are as follows:

   a. NDG shall provide Vertime a complete, detailed, and up-to-date statement of the Products in NDG's stock at NDG's premises or elsewhere that includes, the style, quantity, serial numbers, and location of all Products (the "Statement");

   b. NDG shall permit Vertime an adequate opportunity to inspect all the Products in NDG's stock in such manner as is reasonably necessary to confirm the information set forth in the Statement;

   c. NDG shall remit to Vertime in good funds the amount due to Vertime on its accounts.; and

   d. NDG shall make available for sale to Vertime, for a period of either 30 days following receipt by Vertime of the Statement described in 3(a) above or 10 days following Vertime's inspection of the Products as provided in 3(b) above, whichever comes sooner, the Products, on the terms set by Section 12.4 of the Agreements; and

4. That NDG shall certify that it has satisfied the Conditions listed in Paragraph 3 of this Order by submitting a statement to such effect to this Court under penalty of perjury. Vertime shall submit any objections to such certification within three business days of the filing of the certification, and shall state the basis for its objections. Any dispute regarding the certification or New Dover's satisfaction of the Conditions shall be decided by the Court.

{W2887099;4}                                    2

Said Orders are to remain in effect until further order of the Court on the condition that Vertime post a Bond as directed by the Court.

Dated at White Plains, New York this 23 day of June, 2017.

So Ordered

_____
Kenneth M. Karas
United States District Judge

212753083v1

{W2887099;4}                                3