

**Todd R. Michaelis**
Associate
Direct: 203.578.4287
Fax: 203.575.2600
tmichaelis@carmodylaw.com

50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06702

January 9, 2018

**Via: CM/ECF Filing**

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**Re:    Vertime B.V. v. New Dover Group, Ltd.; No. 7:17-cv-03844 (KMK)
Request for Premotion Conference Re: Motion for Permission to Depose
Third-Party Witnesses EvergreenCreations and Samuel Schiff Re: Purchase
of Vertime Products Sourced from New Dover Group**

Your Honor:

I represent Plaintiff/Counterclaim-Defendant Vertime B.V. ("Vertime") in the above matter. We write pursuant to Your Honor's Individual Rules of Practice Section II. A. to request a premotion conference regarding Vertime's intent to file a motion for permission to depose third-party witnesses, EvergreenCreations and Samuel Schiff, to obtain information regarding New Dover Group, Ltd.'s ("NDG") sale of Vertime products.

Vertime has recently learned information that causes it to believe that NDG appears to be violating the Preliminary Injunction by continuing to sell Versace, Versus, and/or Salvatore Ferragamo watches (the "Vertime Products"). EvergreenCreations is an Amazon.com seller, and Mr. Schiff is associated with EvergreenCreations. It is our information that Vertime Products were not offered for sale by EvergreenCreations before the Preliminary Injunction was issued against NDG. Now, however, a large number of Vertime Products are offered for sale by EvergreenCreations. Further, Vertime has purchased a Vertime Product from EvergreenCreations and has confirmed via its serial number that it came from NDG. Based on these facts, it appears that NDG has violated and/or is violating the Preliminary Injunction.

Vertime intends to depose EvergreenCreations and Mr. Schiff for documents and information that show when it/he obtained its/his stock of Vertime Products. Vertime served deposition notices on counsel of record, today, and intends to serve



EvergreenCreations and Mr. Schiff with subpoenas *duces tecum* on or after Thursday, January 11, 2018. The depositions have been initially scheduled for February 6, 2018.

Vertime recognizes that, presently, a motion for permission to conduct these depositions is not required. However, Vertime's (and Timex Group USA, Inc.'s) Motion to Stay and Refer to Arbitration is pending and is scheduled for oral argument on January 16, 2018. The depositions of EvergreenCreations and Mr. Schiff will not proceed before that date. Therefore, if the Court were to grant the Motion to Stay, then a motion for permission would be necessary. Vertime files this request for a premotion conference now to ensure that, should the Motion to Stay and Refer to Arbitration be granted, the deposition is not delayed any longer than necessary to obtain the Court's permission to proceed.

The discovery sought from these witnesses is not sought with regard to any of the claims or counterclaims in this litigation. Rather, Vertime intends to depose and request documents from these witnesses on the narrow issue of when the Vertime Products offered for sale by EvergreenCreations were purchased. If they were purchased from NDG after the Preliminary Injunction Order was entered, then Vertime would seek the Court's assistance in enforcing that Order. Discovery is appropriate for this purpose, even when no underlying action is pending. See Cardell Financial Corp. v. Suchodolski Associates, Inc., No. 09-cv-6148 (VM) (MHD), 2012 WL 12932049 at *57-*58 (S.D.N.Y. July 17, 2012) (granting discovery to show violation of injunction). Therefore, even if the claims in this case are stayed, the discovery sought should be permitted because it relates to enforcement of the Preliminary Injunction, not to the underlying, stayed matters.

Pursuant to Your Honor's Individual Rules of Practice § II.A., NDG's response to this request for premotion conference is due on January 12, 2017. Therefore, Vertime requests that the premotion conference be scheduled to follow oral argument of the Motion to Stay and Refer to Arbitration, on January 16, 2018.

Very truly yours,

/s/ Todd R. Michaelis (TM6839)

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that, on January 9, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF System.

        /s/Todd R. Michaelis (TM6839)
        Todd R. Michaelis

{W2963790;5}