

Todd R. Michaelis
Associate
Direct: 203.578.4287
Fax: 203.575.2600
tmichaelis@carmodylaw.com

MEMO ENDORSED

50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06702

February 6, 2018

**Via: CM/ECF Filing**

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**Re:   Vertime B.V. v. New Dover Group, Ltd.; No. 7:17-cv-03844 (KMK)
        Motion to Stay and Refer to Arbitration
        Supplemental Brief following Oral Argument**

Your Honor:

We write pursuant to your Honor's direction at the close of oral argument of the Motion to Stay and Refer to Arbitration ("Motion"), on January 16, 2018. Vertime B.V.'s ("Vertime") Motion sought a stay New Dover Group, Ltd.'s ("NDG") counterclaims and a stay of the balance of this matter (the "Injunction Action") pending arbitration of the counterclaims. The Court granted a stay of the counterclaims pending arbitration, but denied a stay of the Injunction Action, with regard to discovery.

The Court stated that its decision to deny Vertime's request for a stay of discovery in the Injunction Action assumed that NDG would prosecute its counterclaims in arbitration without delay. The Court indicated that conducting discovery while the arbitration was pending would ensure a prompt resolution of the injunction action, but shouldn't risk inconsistent decisions because the arbitration may be concluded before this matter reached the summary judgment stage. Further, the Court stated: "If, for some reason, the Swiss arbitration panel hasn't reached its decision by the time we get to summary judgment, then I'll think about whether I don't stay at that point precisely to avoid inconsistent rulings."

After the Court rendered its decision, NDG's counsel indicated that NDG may chose not to prosecute its claims in arbitration while the Injunction Action is pending. The Court requested the parties to submit simultaneous briefs addressing whether this fact may change the analysis that was the basis for the Court's decision not to stay the Injunction Action.



Hon. Kenneth M. Karas
February 6, 2018
Page 2 of 2

As your Honor is aware, this matter involves a unique procedural posture which appears to present a question of first impression; therefore, there is essentially no case law to guide the parties and the court through this situation. Also, at this point, whether we will have the benefit of an arbitrator's decision before the Injunction Action reaches the summary judgment stage is unclear.[1] As such, any final decision regarding Vertime's request to stay the Injunction Action would, at this point, be based on hypothetical facts.

For these reasons, Vertime requests that, if an arbitration in which NDG's breach of contract claims will be decided is pending at the time this matter reaches the summary judgment stage, the Court permit Vertime to renew its motion to stay the Injunction Action pending the arbitration panel's ruling on NDG's claims. In the meantime, Vertime is prepared to proceed with discovery in the Inunction Action.

Very truly yours,
/s/ Todd R. Michaelis (TM6839)

*[Handwritten annotation:]* The stay of the Court's ruling, made on the record on 1/16/18, is lifted. In light of Vertime's willingness to proceed with discovery, the Parties are to submit a proposed discovery schedule by 2/15/18. Vertime may renew its motion to stay the Injunction Action pending the arbitration panel's ruling on NDG's claims should such an arbitration be pending when this case reaches the summary judgment phase.

SO ORDERED
/s/ KMK
2/7/18

---

[1] Vertime has claims against NDG other than its claim for an injunction. These include, for example, claims to recover from NDG the amount it owes Vertime for the Vertime products it ordered and received from Vertime, but did not pay for. Vertime anticipated asserting these claims in the arbitration Vertime expected NDG to commence concerning its counterclaim. Although NDG asserts that it may not promptly seek arbitration of its own claims, Vertime intends to prosecute its claims in arbitration.

{W2971262;3}

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that, on February 6, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF System.

                                                /s/ Todd R. Michaelis (TM6839)
                                                     Todd R. Michaelis

{W2971262;3}