# FELDMAN LAW GROUP, P.C.
PATENT, COPYRIGHT AND TRADEMARK LAW
220 EAST 42ND STREET – SUITE 3304
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
www.feldman-law.com

writer's email:  jross@feldman-law.com

July 3, 2018

**Via ECF Filing**

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:    *Vertime B.V. v. New Dover Group, Ltd.*; No. 7:17-cv-03844 (KMK-JCM)

Dear Judge Karas:

We represent Defendant New Dover Group, Ltd. ("NDG") in the above matter.  Pursuant to Your Honor's Individual Rules of Practice, ¶ II.A., I write in response to Plaintiff's letter dated June 29, 2018 seeking a promotion conference.  Plaintiff's intended motion for sanctions, contempt and appointment of a receiver has no basis in fact or law.  Accordingly, we would oppose any such motion if it were to be filed.

First, as to the facts, a simple review of the exhibits attached to Plaintiff's June 29 letter suffices to establish the lack of merit of Plaintiff's intended motion.  The attached invoices all indisputably reflect dates of sale prior to the entry of the preliminary injunction.  Further, the invoices establish that the sales were between two distinct entities, and were final sales, showing the amount due and the term when full payment is due.  Notwithstanding Plaintiff's unsupported allegations to the contrary, the facts are that Stuhrling did not take the products on consignment or otherwise as NDG's sales agent.  The sales were between two unrelated, separate, entities, and were completed transactions as of the dates of the invoices.

Moreover, and again notwithstanding Plaintiff's unsupported assertions to the contrary, NDG's witnesses during the injunction hearing were indeed candid about the continuing sales of

Honorable Kenneth M. Karas
July 3, 2018
p. 2

products at that time, and that such sales would continue, unless and until this Court determined that grounds for an injunction were present (*See*, e.g. June 15, 2017 transcript of decision at 24:4–24:11, wherein the Court and counsel for NDG both noted that NDG was continuing to sell products).

Plaintiff is likewise in error as to the law. Without any legal analysis, Plaintiff baldly asserts that Stuhrling is somehow, "in active concert or participation" with NDG, and thus the sales to Stuhrling, and Stuhrling's subsequent sales of the products, should be deemed in violation of the injunction. This is incorrect. Mere purchasers of products are not deemed to be "in active concert" with an enjoined party, unless such non-party aids and abets a violation of the injunction or is otherwise legally identified with the defendant. *Paramount Pictures Corp. v. Carol Publ'g Group*, 25 F. Supp.2d 372, 374 (S.D.N.Y. 1998)   Thus, injunctions do not apply to transactions preceding their entry, and do not apply to enjoin unrelated, arms-length retailers and distributors from re-selling, post-injunction, those products they purchased prior to the entry of the injunction. *See*, e.g. *One11 Imps. Inc. v. Nuop LLC.*, 2016 (U.S. Dist. Lexis 175160at *4-6 (S.D.N.Y. Dec. 19, 2016) (Oetken, J.) (holding that injunctions do not "reach backwards in time" to transactions occurring prior to the entry of the injunction, and thus do not prevent non-party retailers or distributors that obtained such products through arms-length transactions from re-selling those products post-injunction); *Paramount Pictures Corp. v. Carol Publ'g Group*, 25 F. Supp.2d at 374-75 (non-party distributors and retailers who purchased books prior to entry of the injunction held not to be "in active concert" with enjoined defendant, and thus, such retailers and distributors were not prohibited by the injunction from re-selling those products post-injunction).

While we thus urge Plaintiff to reconsider making what appears to be a frivolous motion, we nevertheless look forward to discussing its merits with your Honor in the event a pre-motion conference is scheduled.

Respectfully submitted,

/S/ Jonathan J. Ross
Jonathan J. Ross

cc via ECF:
    Counsel for Plaintiff
    Counsel for non-party Stuhrling

Honorable Kenneth M. Karas
July 3, 2018
p. 2