UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VERTIME B.V.,

      Plaintiff,

v.

NEW DOVER GROUP, LTD.,

      Defendant.

---

CIVIL ACTION NO. 17-3844



## ~~PROPOSED~~ REVISED ORDER ON CONSENT FOR PRELIMINARY INJUNCTION

The plaintiff, Vertime B.V.'s ("Vertime") Motion for Preliminary Injunction having come before this Court and the Court having considered the matter; and it appearing that a Preliminary Injunction should issue as to certain prayers for relief because the plaintiff is likely to succeed on the merits, the plaintiff has no adequate remedy at law, and the balance of the equities tips in favor of the plaintiff; and the Court having determined that such Preliminary Injunction should issue on condition of plaintiff's posting of a bond acceptable in form and substance to the Clerk of the Court in the amount of $1 million; and

Whereas, on June 22, 2017, Vertime posted the Bond ordered by the Court; and

Whereas, the Court issued an Order on Consent for Preliminary Injunction, docketed on June 23, 2017 [D.N. 36] (the "Order"); and

Whereas, on June 29, 2018, Vertime requested a pre-motion conference regarding its intent to file a Motion for Sanctions, Contempt, and/or to Appoint a Receiver (the "Motion") to address claimed violations of the Order [D.N. 102], and

{W3031749;3}          1

Whereas, the Court held a pre-motion conference on Vertime's request on July 24, 2018, at which counsel for Plaintiff, New Dover Group, Ltd., and Chaim Fischer, Stuhrling Original LLC and Stuhrling Outlet appeared and were heard; and

Whereas the Court set a briefing schedule for the Motion [D.N. 109]; and,

Whereas, the Court (Karas, J.) directed counsel for plaintiff to submit this revised Preliminary Injunction Order [Minute Entry dated July 24, 2018];

**IT IS HEREBY ORDERED:**

1. That the capitalized terms in this Order have the meaning set forth in the Agreements attached to the Verified Complaint as Exhibits A, B, and C by which Vertime granted New Dover Group, Ltd. ("NDG") certain rights, as set forth in the Agreements, to distribute Salvatore Ferragamo, Versace, and/or Versus timepieces (the "Products") through December 31, 2016 (the "Agreements");

2. That defendant NDG; NDG's owners, shareholders, members, principals, officers, agents, servants, employees, and attorneys; its affiliates, parents, subsidiaries, and/or all other entities with ownership, management, control or physical location(s) common to NDG, and all persons/entities affiliated with, employed by, or associated in any way with these persons/entities; and Chaim Fisher, Stuhrling Original LLC, Stuhrling Outlet (LLC), and all persons/entities affiliated with, employed by, or associated in any way with these persons/entities; and all persons/entities in active concert or participation with any of the above persons/entities, shall not transfer, offer to sell, accept any offer to sell, or enter into the transfer or sale of any part or all of the remaining stock of the Products (including any Salvatore Ferragamo, Versace, and/or Versus timepieces in the possession of the foregoing

persons/entities), unless and until (a) NDG satisfies the conditions set forth in Paragraph 3 of this Order, and (b) the procedure set forth in Paragraph 4 of this Order is undertaken and resolved;

3. That the conditions ("Conditions") to be satisfied by NDG are as follows:

   a. NDG shall provide Vertime a complete, detailed, and up-to-date statement of the Products in NDG's stock at NDG's premises or elsewhere that includes, the style, quantity, serial numbers, and location of all Products (the "Statement");

   b. NDG shall permit Vertime an adequate opportunity to inspect all the Products in NDG's stock in such manner as is reasonably necessary to confirm the information set forth in the Statement;

   c. NDG shall remit to Vertime in good funds the amount due to Vertime on its accounts; and

   d. NDG shall make available for sale to Vertime, for a period of either 30 days following receipt by Vertime of the Statement described in 3(a) above or 10 days following Vertime's inspection of the Products as provided in 3(b) above, whichever comes sooner, the Products, on the terms set by Section 12.4 of the Agreements; and

4. That NDG shall certify that it has satisfied the Conditions listed in Paragraph 3 of this Order by submitting a statement to such effect to this Court under penalty of perjury. Vertime shall submit any objections to such certification within three business days of the filing of the certification, and shall state the basis for its objections. Any dispute regarding the certification or NDG's satisfaction of the Conditions shall be decided by the Court;

{W3031749;3}                                3

5. That, on or before August 23, 2018, NDG shall deliver to counsel of record for Vertime an inventory of all Products in its possession or control; such inventory to contain the following information: the style, quantity, serial numbers, and location of all such Products.

Said Orders are to remain in effect until further Order of the Court.

Dated at White Plains, New York this 12th day of August, 2018.

Kenneth M. Karas
United States District Judge