
**Todd R. Michaelis**
Associate
Direct: 203.578.4287
Fax: 203.575.2600
tmichaelis@carmodylaw.com

50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06702

August 28, 2018

**Via: CM/ECF Filing**

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:  Vertime B.V. v. New Dover Group, Ltd.; No. 7:17-cv-03844 (KMK - JCM)
     Request for Premotion Conference Re: Supplemental Motion for Sanctions
     and Contempt

Your Honor:

We write pursuant to Your Honor's Individual Rules of Practice Section II. A. to request a premotion conference to call to the Court's attention further, recent factual developments that took place after the Court issued its August 12, 2018 Revised Order on Consent for Preliminary Injunction (Doc. 111) (Revised Order).

The Revised Order, which was proposed to the Court as a joint order on consent, required New Dover Group, Ltd. ("NDG") to provide Vertime "an inventory of all Products in its possession or control; such inventory to contain the following information: the style, quantity, serial numbers, and location of all such Products."  [D.N. 111 ¶ 5.] This inventory was due on or before August 23, 2018.  [Id.]  NDG did not produce the inventory on August 23, 2018, and it failed to produce serial numbers.

After repeated inquiries regarding whether and when NDG would produce the inventory, and after an assurance that it would be provided on August 24, 2018, NDG produced the document attached as Exhibit A, on August 27, 2018.  NDG claims that this is an inventory of the Vertime Products in its possession or control.  It consists of 280 watches with a claimed total retail value of $619,425[1]: far less than the $15,000,000 of inventory Mr. Werzberger testified was in NDG's possession on June 13, 2017.

---

[1] Please note that the total retail value may be overstated as two of the watches appear to have highly overstated retail values: 25A391D912 S009 ($34,995.00) and 79Q91OFD91F S001 ($32,500.00).



Hon. Kenneth M. Karas
August 28, 2018
Page 2 of 3

The Revised Order was clear and unambiguous: NDG was required to disclose the serial numbers of all Products in NDG's possession or control. [D.N. 111.] NDG has had more than ample time to gather the required information. Not only did this Court tell NDG that it would be required to produce serial numbers during the July 24, 2018 pre-motion conference (thirty days before they were due), Vertime requested this information on March 13, 2018 in its Interrogatories to NDG (No. 5): "Identify by model and serial number all Products in your possession presently." Therefore, NDG has been obligated to provide its inventory, including serial numbers, since mid-April. (NDG did not object to the Interrogatory seeking this information, nor did it have grounds to do so.) Under these circumstances, it is clear that NDG's failure to provide this information pursuant to the Revised Order was willful.

NDG's counsel claims that "NDG did not maintain serial numbers," and that NDG "is in the process of gathering that information." (Email from NDG counsel attached as Exhibit B.) The claim that "NDG did not maintain serial numbers" directly contradicts the testimony of Yiddy Werzberger before this Court on June 13, 2017. Werzberger (indirectly) testified that New Dover maintains its inventory electronically, in Quick Books (see Y. Werzberger Testimony, 6/13/2017 (excerpts attached as Exhibit C) at 210), and admitted that New Dover records serial numbers:

> Q. Okay. So, I have one follow up question, Mr. Burns. You said that, that New Dover doesn't track its products, its Vertime products based on serial number, right?
>
> A. When we bring it in, we do not track it on serial number, no.
>
> Q. All right. How does New Dover know then that it returned to the sellers the Vertime product that it purchased from sources other than Vertime?
>
> A. Because we get – we track the serial numbers on – **we do record the serial numbers when they come in. So, we do have a file of all the serial numbers when they come in**, Vertime provides that for shipments they send out. Usually, it's their file that we use, and we use that to match up the product that we send back.

(Y. Werzberger Testimony at 235-36 (emphasis added).)



Hon. Kenneth M. Karas
August 28, 2018
Page 3 of 3

 

      Moreover, even if NDG was required to inspect each watch individually to obtain its serial number, doing so would not have been burdensome, as it claims to have only 280 Vertime watches to inspect.

      NDG has repeatedly and willfully defied the orders of this Court.  NDG's most recent conduct was and is in contempt of the Revised Order and has yet again forced Vertime to incur additional attorney's fees, expenses, and money damages chasing the truth and attempting to enforce the injunction/Revised Order.[2]  Therefore, Vertime intends to file a supplemental motion for contempt against NDG seeking sanctions in addition to the sanctions Vertime has already requested [D.N. 112].

      For the foregoing reasons, Vertime respectfully requests that the Court schedule a premotion conference for an early date to address the above issues and to set a briefing schedule.

Very truly yours,
/s/ Todd R. Michaelis (TM6839)

Exhibits enclosed.

cc:    Via CM/ECF Notice
       Jonathan J. Ross, Esq.
       *Counsel for NDG*

       Avram E. Frisch, Esq.
       *Counsel for Chaim Fischer,*
       *Stuhrling Original, LLC, and*
       *Stuhrling Outlet*

---

[2] NDG's continued and flagrant disregard for the Orders of this Court further demonstrates that the only way to enforce the injunction/Revised Order is to place the Vertime Products with a receiver, as discussed in Vertime's Motion for Sanctions, Contempt, and to Appoint Receiver [D.N. 112].

{W3037306;4}

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that, on August 28, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF System.

/s/ Todd R. Michaelis (TM6839)
Todd R. Michaelis

{W3037306;4}