

# THE LAW OFFICE OF
# AVRAM E. FRISCH LLC

| Mailing Address | New Jersey Office | New York Office |
| --- | --- | --- |
| P.O. Box 435 | 1 University Plaza | 150 Broadway |
| Teaneck, NJ 07666 | Suite 119 | Suite 900 |
| | Hackensack, NJ 07601 | New York, NY 10038 |

Hon. Judith C. McCarthy
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Via Electronic Filing**

> **SO ORDERED:**
> Application granted. The Court will hold a pre-motion conference on November 1, 2018 at 10:00 a.m. in Courtroom 421. Additionally, Plaintiff is directed to respond to this letter by close of business on October 26, 2018.
>
> *Judith C. McCarthy* 10-24-18
> JUDITH C. McCARTHY
> United States Magistrate Judge

Re: Vertime v. New Dover Group Ltd. 7:17-cv-03844(KMK)

Dear Judge McCarthy:

This firm represents Stuhrling Outlet, Stuhrling Original LLC and Chaim Fischer in regard to certain subpoenas issued recently by the plaintiff in this matter. I write to request a pre-motion conference for a motion to quash the subpoenas.

These subpoenas are the third set of subpoenas issued to Mr. Fischer and his companies. Initially, the Plaintiff subpoenaed a low level employee named Samuel Schiff who had been posting some watches on Amazon for sale on behalf of Stuhrling Outlet, which is one of Mr. Fischer's businesses in the watch industry. Initially, Mr. Schiff was deposed at a lengthy deposition. Subsequently, Plaintiff subpoenaed Mr. Fischer, who produced documents and was deposed on June 26. Each of the depositions taken to date was several hours long, and Plaintiff has made a claim before Judge Karas that Mr. Fischer and Stuhrling somehow violated the Court's injunction.

Now in the interest of harassing Mr. Fischer, Plaintiff served an additional set of subpoenas, largely seeking information that was already provided at his lengthy deposition. The depositions and document productions provided detailed information about the purchase of the goods and the subsequent sales and how Mr. Fischer's company paid for the goods. These issues are detailed in response to Plaintiff's pending motion for contempt of the injunction, and in the interest of brevity, we will not repeat the detailed

Case 7:17-cv-03844-KMK-JCM   Document 131   Filed 10/24/18   Page 2 of 3
Case 7:17-cv-03844-KMK-JCM   Document 130   Filed 10/22/18   Page 2 of 3

Page 2 of 3
Hon. Judith C. McCarthy

analysis of the deposition here. In addition, the transcript is available on the docket at entry #120.

I annex to this letter a copy of the objections to the subpoena that were served on Plaintiff on October 22, 2018.

As noted therein, the respondents to the subpoenas object on several grounds. First, the subpoenas were not properly served in accordance with Rule 45. No witness fee was tendered, which is a requirement under Rule 45. Second, the subpoenas were served less than ten days from the date upon which a response is demanded, which does not allow sufficient time to comply. As is Plaintiff's wont, they are trying to jam up Mr. Fischer to make it impossible to comply with the subpoena.

As mentioned above, virtually all of the "topics of discussion" listed for a potential deposition were discussed at length at the prior depositions. Furthermore, Mr. Fischer is a third party and should not be subjected to multiple depositions, even if Plaintiff had suddenly discovered additional items which it needed to discuss. Plaintiff was the one that rushed the depositions prior to obtaining party discovery. As such, it should be held to its choices and should not be entitled to inconvenience Mr. Fischer and Stuhrling. More importantly, each of the deposition topics was actually discussed at the prior deposition. In the event the Court permits a formal motion, we will provide the precise citations to the deposition record to demonstrate this.

Similarly, Plaintiff's document requests are almost entirely duplicative other than two items. One is the Plaintiff's demand for documentation of payments to the Defendant for the goods. The other item was detailed information about the purchasers of the goods from Stuhrling. The respondents object as this would require providing confidential customer information to a direct competitor of Mr. Fischer, who sells many types of watches. Furthermore, knowing the names of purchasers would add nothing to their case against the Defendant. Overall, these repetitive subpoenas ask for little of value and demand quite a bit of work from the respondents; work which could have been avoided had the Plaintiff properly formulated its original subpoenas.

Finally, the subpoenas are overbroad and request information outside the scope of this case. They demand information about entities that have nothing to do with the watches at issue. Mr. Fischer testified that his business that sold the watches was known as Stuhrling Outlet. His other businesses have no involvement in the watches at issue and



THE LAW OFFICE OF
AVRAM E. FRISCH LLC

Page 3 of 3
Hon. Judith C. McCarthy

should not be subject to the subpoena. This includes Stuhrling Original, which Mr. Fischer already testified has nothing to do with this matter.

When "requests are 'unreasonably cumulative or duplicative' under Fed. R. Civ. P. 26" it is proper that they be quashed. <u>Nova Biomedical Corp. v. i-Stat Corp.</u>, 182 F.R.D. 419, 423 (S.D.N.Y. 1998). The additions to Plaintiff's subpoenas could have been included in the initial subpoena, and in any event were largely discussed. While Plaintiff appears to want to treat the respondents as parties to this action, they are not. Mr. Fischer is a non-party and is entitled to avoid the decided inconvenience of multiple depositions. Furthermore, the customer information should be shielded as a trade secret. It is unreasonable to ask that a non-party be asked to share its customer list with a competitor.

Very truly yours,

*Avram E. Frisch*

Avram E. Frisch

Cc: Chaim Fischer (via email)
Ann Rubin (via ECF)



THE LAW OFFICE OF
AVRAM E. FRISCH LLC