

Todd R. Michaelis
Partner
Direct: 203.578.4287
Fax: 203.575.2600
tmichaelis@carmodylaw.com

50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06702

August 12, 2024

Via: CM/ECF Filing

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**Re:  Vertime B.V. v. New Dover Group, Ltd., No. 7:17-cv-03844**

Dear Judge Karas,

  I write pursuant to the Court's request for a status update. On June 9, 13, and 15, 2017, the Court held a hearing on Plaintiff Vertime B.V.'s Motion for a Preliminary Injunction, which the Court granted on June 15, 2017. [D.N. 34.] On June 23, 2017, the Court entered the parties' Order on Consent for Preliminary Injunction [D.N. 36] (collectively, the "Injunction"). The Injunction is clear and unambiguous: "NDG, and all persons acting in active concert or participation with it, shall not offer to sell, accept any offer to sell, or enter into the sale of any part or all of the remaining stock of [Salvatore Ferragamo, Versace, and/or Versus timepieces (the "Products")]."

  NDG and Fischer-Stuhrling based their defenses to the First Motion on an assertion that NDG "sold" its entire stock of Products to Fischer-Stuhrling and that those "sales" were complete on June 13 and 14, 2017: *during the preliminary injunction hearing*. (NDG's transport of the Products to Fischer-Stuhrling is hereinafter referred to as the "Move.") For various reasons, not the least of which is the fact that the only documents concerning the Move were created on or after August 2, 2017, the claim that the Move occurred on June 13 and 14, 2017 appeared dubious at best (if not outright false).

  On August 14, 2018, Vertime filed its initial Motion for Contempt, Sanctions and to Appoint Receiver (the "First Motion"). [D.N. 112.00.] On January 28, 2019, the Court ordered an evidentiary hearing. The hearing on the First Motion was held on March 5, 2019 (the "Hearing"). At the Hearing, Friedmann and Fischer revealed that they are brothers-in-law: Friedmann is married to Fischer's sister. Friedmann continued to claim that the Move occurred on June 13 and 14, 2017. Fischer claimed that he didn't know when it occurred.

{W3604729}



Honorable Kenneth M. Karas
August 12, 2024
Page 2 of 2

      Discovery was conducted while the First Motion was litigated. Following the hearing, NDG produced the smoking gun: the QuickBooks Audit Trails for the invoices on which NDG and Fischer-Stuhrling based their defense. Consistent with all other documentation, these Audit Trails show that the invoices on which NDG and Fischer-Stuhrling relied did not exist until August 2, 2019.

      On March 29, 2019, the Court denied the First Motion without prejudice [D.N. 153] to create a "time out" to determine whether any additional discovery was necessary and to allow for re-briefing of the motion, considering the lengthy and disjointed procedural history caused by NDG's and Fischer-Stuhrling's discovery non-compliance. On June 10, 2019, Vertime filed a Renewed Motion for Contempt, Sanctions, and to Appoint Receiver. [D.N. 160.] On July 8, 2019, New Dover filed a petition for bankruptcy. [D.N. 184, Decl. of Todd R. Michaelis ¶¶ 13, Ex. P-11.] On July 11, 2019, the Court stayed this case pending New Dover's bankruptcy. [D.N. 164.] Following the conclusion of New Dover's bankruptcy, the Court entered a new briefing schedule directing Vertime to re-file its Motion. [D.N. 182.]

      The court ordered Plaintiff to file its new brief by August 17, 2022, Defendants to file a response by September 20, 2022, and Plaintiff to file a reply by October 13, 2022. The parties filed their briefs in accordance with this schedule. The Court's Order instructed the parties to wait to hear from the court with regard to oral argument.

      Following completion of this briefing, the parties engaged in settlement negotiations in an attempt to resolve the contempt and injunction disputes by agreement, but were unable to do so.

      No further discovery is necessary prior to adjudication of the Motion, and a decision on Plaintiff's Motion is essential to this case as it concerns facts that are foundational, and potentially outcome determinative, to the remainder of this case.

                                        Very truly yours,
                                        /s/ Todd R. Michaelis (TM6839)

CC via CM/ECF:
Louis M. Solomon (counsel for NDG)
Jonathan Ross (counsel for NDG)
Avram Frisch (counsel for Fischer-Stuhrling)