

**Louis M. Solomon**
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 15, 2024

**Via ECF**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:**   *Vertime B.V. v. New Dover Group, Ltd.*, **No. 7:17-CV-03844**

Dear Judge Karas,

      As counsel for defendant New Dover Group, Ltd. ("NDG"), we respectfully submit this letter in response to the August 12, 2024 letter filed by counsel for plaintiff Vertime B.V. ("Vertime") (*see* Dkt. 191). Counsel for Vertime unfortunately did not confer with us prior to filing his status update. Consequently, the letter is not only framed as further argument in favor of Vertime but includes several demonstrable errors and misstatements of the record. NDG submits this letter in order to correct these mischaracterizations.

- Vertime asserts that NDG's defense to its contempt motion relies on the contention "that NDG 'sold' its entire stock of Products to Fischer-Stuhrling and that those 'sales' were complete on June 13 and 14, 2017 . . . ." This misrepresents NDG's position. As is made clear in NDG's opposition brief, NDG's primary argument is that the sale of the Products was complete as of June 11, 2017, in accordance with an oral agreement between Mr. Friedmann and Mr. Fischer. *See* Dkt. 188 at 14. It is NDG's <u>second</u> argument that the <u>transfer</u> of the Products was effected on June 13 and 14, 2017, as Vertime refers to in the letter. *Id.* at 15.

- Vertime asserts as fact that "the only documents concerning the Move were created on or after August 2, 2017" and that the Audit Trails produced by NDG "show that the invoices on which NDG and Fischer-Stuhrling relied did not exist until August 2, 2019 [sic]." NDG squarely disputed this proposition in its opposition. *See id.* at 15-16. As such, even disregarding the general partisan slant of the letter, it is improper for Vertime to present this point as undisputed. It is disputed, and the facts are not as Vertime presents.

- Vertime's reference to August 2, 2019 appears to be a typo but runs the risk of giving the impression that the invoices in question were not created until long after the Products were sold and transferred. To avoid any such misapprehension, NDG understands it to be Vertime's position that the invoices were created on August 2, 201<u>7</u>.

Case 7:17-cv-03844-KMK-JCM   Document 192   Filed 08/15/24   Page 2 of 2



Hon. Kenneth M. Karas
August 15, 2024
Page 2

    The parties' settlement discussions have been unsuccessful to date, as mentioned in Vertime's letter. Accordingly, once Vertime's motion is denied—as NDG respectfully contends is proper—it may be helpful for the Court to appoint a magistrate judge to hold a settlement conference or otherwise assist the settlement process.

    We thank the Court for its attention to this matter.

Respectfully submitted,

*[signature]*

/s/ Louis M. Solomon